NO. 23-3696

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Plaintiff/Appellee** | **)** | **Appellate Court No. 23-3696** |
| | **)** | |
| **v.** | **)** | **Appeal from the United States** |
| | **)** | **District Court for the Eastern** |
| **MUJERA LUNG'AHO** | **)** | **District of Arkansas** |
| | **)** | |
| **Defendant/Appellant** | **)** | **Honorable D. Price Marshall** |
| | **)** | |

_____

**Appeal from the United States District Court
For the Eastern District of Arkansas
The Honorable D. Price Marshall, Presiding
District Court No. 4:20-cr-00288-DPM**

_____

**APPELLANT'S ADDENDUM**

_____

MICHAEL KIEL KAISER
Ark. Bar Number 2015001
*Counsel for Appellant*
LASSITER & CASSINELLI
1218 W 6th Street
Little Rock, AR 72201
(501) 370-9300
Michael@LCArkLaw.com

# **ADDENDUM**

A.  Order (R. Doc. 246)……………………………………………....Add. 1

B.  Judgment (R. Doc. 318)…………………………………………….Add. 11

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                  PLAINTIFF

v.                              No. 4:20-cr-288-DPM-1

MUJERA BENJAMIN LUNG'AHO                          DEFENDANT

ORDER

1. Lung'aho moves to dismiss counts one, two, six, seven, ten, and eleven of the Superseding Indictment, which allege violations of the federal arson statute, 18 U.S.C. § 844(f)(1).  He also moves to dismiss counts three, eight, and twelve, which allege possession of a destructive device in furtherance of a crime (or an attempted crime) of violence. The Court previously denied without prejudice his embedded motion to dismiss count four. *Doc. 188 at 3.*

2. **Arson Counts.**  Lung'aho's main argument is that 18 U.S.C. § 844(f)(1) is unconstitutional as applied to him because Congress exceeded its enumerated powers in enacting this law.  This statute provides:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance, shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both.

Lung'aho is accused of damaging, or attempting to damage, three police cars with Molotov cocktails during civil disturbances in Little Rock in 2020. One car belonged to the Little Rock Police Department, one to the North Little Rock Police Department, and one to the Arkansas State Police. The State Police and North Little Rock Police Department cars were burned up. By stipulation and agreed exhibits, the parties have clarified the material facts about the federal financial assistance received by each of these law enforcement agencies.

Federal dollars did not, directly or indirectly, pay for any of these vehicles. Each agency received some federal financial assistance during the relevant years. None of this assistance, though, paid for police cars.

- The Little Rock Police Department participates in the Edward Byrne Memorial Justice Assistance Grant Program, the leading source of federal criminal justice funding to state and local governments. The Department received $280,392 in funding from this program in the four years between 2017 and 2021. In 2020, the Department also received a federal grant for $786,845 in COVID emergency supplemental funding and a Project Safe Neighborhoods

Appellate Case: 23-3696   Page: 4   Date Filed: 01/22/2024 Entry ID: 5355245

Award for $46,123. The Department's annual budget was approximately $80 million in 2020.

- From 2017 to 2020, the North Little Rock Police Department received approximately $40,000 each year from the same program. The Department also received $132,168 in COVID emergency relief funds in 2020. The Department's 2020 budget was approximately $24 million.

- In the three years between 2017 and 2020, the Arkansas State Police received federal grants totaling approximately $10 million. The State Police's budget was more than $123 million in 2020.

Congress enacted 18 U.S.C. § 844(f)(1) pursuant to the Property Clause. "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State." U.S. Const. art. IV, § 3, cl. 2. The Clause's history and purpose, as well as the precedent construing it, are ably sketched in *United States v. Brown*, 384 F. Supp. 1151 (E.D. Mich. 1974), *reversed on other grounds*, 557 F.2d 541 (6th Cir. 1977).

As applied to Lung'aho, the statute cannot be sustained under the Property Clause. The damaged police cars were not federal property. They were not paid for with federal financial assistance, either directly or indirectly. *Compare United States v. Apodaca*, 522 F.2d 568, 571-72 (10th Cir. 1975); *United States v. Hersom*, 588 F.3d 60,

- 3 -

65-68 (1st Cir. 2009).  The Congress's property power does not extend to criminalizing arson of property having no federal aspect. *Hersom*, 588 F.3d at 65-67.

Invocation of the Property Clause by Congress, however, is not dispositive.  *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 570 (2012).  Before a court can take the extraordinary step of declaring a statute unconstitutional, it must consider alternatives that would sustain the law.  The United States presses that this statute is a valid exercise of congressional power granted in the Spending Clause coupled with the Necessary and Proper Clause.  Under the former, "The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States[.]" U.S. Const. art. I, § 8, cl. 1.  Under the latter, Congress has the authority to "make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers . . . [.]"  U.S. Const. art. I, § 8, cl. 18.

The United States analogizes 18 U.S.C. § 844(f)(1) to 18 U.S.C. § 666, which criminalizes bribery connected to programs that receive federal funds.  *United States v. Sabri*, 326 F.3d 937 (8th Cir. 2003), *affirmed and remanded*, 541 U.S. 600 (2004).  Lung'aho responds that important differences exist.  Under § 666, the bribe must include a thing of value worth more than $5,000;  and the non-federal agency involved must receive at least $10,000 a year in federal funds.  No such

guardrails, he emphasizes, are in § 844(f)(1). He hypothesizes that one who set fire to a trash can belonging to an organization that is receiving federal financial assistance would risk federal prosecution. Lung'aho also points to some undisputed facts. Considered in terms of their 2020 budgets, the three affected law enforcement agencies received modest federal financial assistance. The Little Rock Police Department got 1% of its budget covered by federal dollars; the North Little Rock Police Department got .001%; and the Arkansas State Police got 2%. Yes, the United States acknowledges, but law enforcement, it continues, is a cooperative endeavor, and the United States has a substantial interest in law enforcement throughout our nation.

The Court is persuaded that 18 U.S.C. § 844(f)(1) is constitutional as applied to Lung'aho. *Sabri*, 326 F.3d at 949. Under the Spending Clause, Congress has the power to send federal resources to state and local agencies such as police departments to provide for the general welfare, and it has the right to protect those resources from being destroyed by fire or explosives. *Ibid*. That much is common ground. The disputed question is whether criminalizing the destruction of any property that happens to be owned by these agencies "is an appropriate means plainly adapted to achieving Congress's end." *Ibid*. Settled Eighth Circuit precedent therefore sets the bar low. *Sabri*, 326 F.3d at 951. The United States clears it.

- 5 -

Lung'aho also argues that § 844(f)(1) could be construed narrowly and sustained:   It is, he says, constitutional if limited to federal property, property purchased with federal funds, or property owned by agencies or organizations that receive almost all their funding from the federal government.   But the Court of Appeals has rejected this type of argument, concluding that such statutes need not be narrowly construed to withstand challenge.   *Sabri*, 326 F.3d at 951-953.

Lung'aho also points out that § 844(f)(1) lacks threshold requirements.   See his example of the torched trash can.   But a concern about potential overbreadth does not render the statute unconstitutional as applied against Lung'aho.   Section 844(f)(1) is not completely without limiting conditions.   It does not apply to any organization that has ever received federal funds, for example, but rather only those organizations that were receiving federal assistance when the property was damaged or destroyed.   More importantly, Lung'aho is not accused of setting a trash can on fire.   He's accused of destroying two police cars with Molotov cocktails and trying to burn another one up.   The arson statute is constitutional as applied to him.

**3. Destructive Device Counts.**   18 U.S.C. § 924(c)(1)(B) prescribes a thirty-year mandatory minimum sentence for using a destructive device during a crime of violence.   The statute defines a crime of violence as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property

of another." 18 U.S.C. § 924(c)(3)(A). The issue here is whether the federal arson statute satisfies that definition. Surprisingly, it does not. Here's why.

Courts use the categorical approach to determine whether an offense qualifies as a crime of violence. *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). The facts of the case do not make any legal difference. *United States v. Boose*, 739 F.3d 1185, 1186 (8th Cir. 2014). The only question is whether the offense always requires that the government prove—as an element of its case in chief—the use, attempted use, or threatened use of force against the person or property of another. *Ibid.* If someone could be convicted of the crime without having used force, having attempted to use force, or having threatened to use force, then the offense is not a crime of violence—regardless of what the defendant actually did.

The Supreme Court recently held that offenses criminalizing reckless conduct do not qualify as violent felonies for the purposes of the Armed Career Criminal Act. *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (plurality opinion construing 18 U.S.C. § 924(e)(2)(B)(i)). The Court reasoned that the statute's definition of a violent felony, which is essentially the same as a crime of violence, required that the offender direct or target his actions against another person. Reckless conduct does not qualify. The Court reserved the question of whether

crimes involving extreme recklessness or a "depraved heart" fit the definition. *Borden*, 141 S. Ct. at 1825 n.4.

A defendant must act "maliciously" to violate § 844(f)(1). The statute does not define that term. At common law, a person "acts maliciously if she acts intentionally or with willful disregard of the likelihood that damage or injury will result." *United States v. Sweet*, 985 F.2d 443, 445 (8th Cir. 1993). That definition is included in Eighth Circuit Model Criminal Jury Instruction § 6.18.844 (2021), which the Court of Appeals has cited in passing with approval. *United States v. Scharber*, 772 F.3d 1147, 1150 (8th Cir. 2014). Lungaho argues that this definition of maliciousness includes ordinary recklessness. The United States responds that it requires an intent more akin to extreme recklessness or depraved-heart recklessness.

Lung'aho has the better argument. The Tenth Circuit and at least two district courts have interpreted this definition, and all have held that a *mens rea* of recklessness meets it. *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998); *Rudolph v. United States*, 551 F. Supp. 3d 1270, 1284 (N.D. Ala. 2021); *United States v. Sweatt*, 2021 WL 3022695, at *5 (D. Md. 16 July 2021). In an appeal of the case against one of the Boston Marathon bombers, for example, the parties did not even dispute that this definition of "maliciously" included reckless acts. *United States v. Tsarnaev*, 968 F.3d 24, 101 (1st Cir. 2020), *reversed on other grounds*, 142 S. Ct. 1024 (2022). The United States has provided no

-8-

authority supporting its argument that the looser part of the definition—willful disregard of the likelihood that damage or injury would result—does not include reckless conduct, and the Court is not aware of any. Extreme recklessness requires more targeting, a stronger intentionality than what is required to obtain a conviction under § 844(f)(1). *See, e.g., Alvarado-Linares v. United States*, 44 F.4th 1334, 1344-45 (11th Cir. 2022); *United States v. Begay*, 33 F.4th 1081, 1093-95 (9th Cir. 2022); *United States v. Baez-Martinez*, 950 F.3d 119, 128-29 (1st Cir. 2020). Under the categorical approach, federal arson is not a crime of violence.

At least one court has avoided reaching this rather confounding result with an information-providing verdict form. As in this case, the defendant was charged with violating § 844(f) and § 924(c), with the arson charge serving as the predicate offense for the destructive-device count. *Elliott v. United States*, 2022 WL 2759168, at *1 (D. Wyo. 14 July 2022). The District Court decided before trial that acting maliciously included both intentional and reckless behavior. 2022 WL 2759168, at *13. But the Court refused to apply the categorical approach "blindly." 2022 WL 2759168, at *11-13. Instead, the Court tailored the verdict form: the jury could only find the defendant guilty on the § 924(c) count if it first found him guilty on the arson count and specifically found that the defendant acted intentionally. *Ibid.* The jury made the required findings and rendered a guilty verdict.

- 9 -

The defendant challenged this protocol in a *habeas* petition, lost, and has appealed.  That appeal is pending before the Tenth Circuit.

The *Elliot* Court's approach makes good sense.  If followed here, it would eliminate any potential error about Lung'aho's state of mind, eliminating the possibility of a conviction based on less than extreme recklessness or recklessness motivated by a depraved heart.  But the Supreme Court has held — unequivocally — that § 924(c)'s text requires using the categorical approach to determine if a predicate offense in a pending prosecution qualifies as a crime of violence.  *United States v. Davis*, 139 S. Ct. 2319, 2327-28 (2019);  *see also Taylor*, 142 S. Ct. at 2020.  This Court cannot avoid that precedent with a verdict form that lifts the veil of ignorance prescribed by the categorical approach.  The § 924(c) counts therefore must be dismissed.

\*     \*     \*

Lungaho's motion to dismiss, *Doc. 164*, is partly granted and partly denied.  The Court dismisses counts three, eight, and twelve of the Superseding Indictment.  The remainder of Lung'aho's motion is denied.

So Ordered.

DPMarshall Jr.
_____
D.P. Marshall Jr.
United States District Judge

*18 October 2022*

- 10 -

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT

DEC 1 2 2023

Eastern District of Arkansas



TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

UNITED STATES OF AMERICA

v.

Mujera Benjamin Lung'aho

)
)
)
)
)
)
)
)
)

## JUDGMENT IN A CRIMINAL CASE

Case Number:  4:20-cr-288-DPM-1

USM Number:  08572-509

Michael Kaiser
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    11 of the Superseding Indictment

☐ pleaded nolo contendere to count(s)
 which was accepted by the court.

☐ was found guilty on count(s)
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 844(f)(1) | Malicious damage and destruction of a vehicle owned by an organization receiving federal financial assistance by means of fire, a Class C Felony | 9/3/2020 | 11s |

The defendant is sentenced as provided in pages 2 through    11    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    1-10 & 12-13 and the Indict.     ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/7/2023
Date of Imposition of Judgment

_DPMarshall Jr._
Signature of Judge

D.P. Marshall Jr.          United States District Judge
Name and Title of Judge

_12 December 2023_
Date

| | Judgment — Page __2__ of __11__ |
|---|---|

DEFENDANT: Mujera Benjamin Lung'aho
CASE NUMBER: 4:20-cr-288-DPM-1

## IMPRISONMENT

      The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
66 months.

☑ The court makes the following recommendations to the Bureau of Prisons:
    1) that Lung'aho participate in a residential drug abuse program, or non-residential programs if he does not qualify for RDAP;
    2) that Lung'aho participate in mental-health counseling during incarceration;
    3) that Lung'aho participate in educational and vocational programs during incarceration;

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  Mujera Benjamin Lung'aho
CASE NUMBER:  4:20-cr-288-DPM-1

## ADDITIONAL IMPRISONMENT TERMS

4) designation to FCI Texarkana, FCI Forrest City, or FCI Yazoo City to facilitate family visitation.

DEFENDANT:  Mujera Benjamin Lung'aho
CASE NUMBER:   4:20-cr-288-DPM-1

Judgment—Page  __4__  of  __11__

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you
       pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Mujera Benjamin Lung'aho
CASE NUMBER: 4:20-cr-288-DPM-1

Judgment—Page __5__ of __11__

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT:  Mujera Benjamin Lung'aho

CASE NUMBER:  4:20-cr-288-DPM-1

## SPECIAL CONDITIONS OF SUPERVISION

S1) Lung'aho must participate in mental-health counseling under the guidance and supervision of the probation office.

S2) Lung'aho must participate, under the guidance and supervision of the probation officer, in substance-abuse treatment programs, which must include regular and random drug testing, and may include outpatient counseling, residential treatment, recovery meetings, or some combination of those options.

S3) Until all criminal penalties have been paid in full, Lung'aho must disclose financial information, including all assets, liabilities, and tax returns, upon request of the probation office.  Lung'aho shall not establish any new loans, lines of credit, or credit arrangements without prior approval of the probation office until all criminal penalties have been paid in full.

| | Judgment — Page 7 of 11 |
|---|---|

DEFENDANT: Mujera Benjamin Lung'aho
CASE NUMBER: 4:20-cr-288-DPM-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 86,099.37 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Arkansas State Police | | $10,000.00 | |
| 1 State Police Plaza Dr. | | | |
| Little Rock, AR 72209 | | | |
| | | | |
| Little Rock Police Department | | $629.30 | |
| 700 West Markham Street | | | |
| Little Rock, AR 72201 | | | |

| **TOTALS** | $ 0.00 | $ 86,099.37 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  Mujera Benjamin Lung'aho
CASE NUMBER:  4:20-cr-288-DPM-1

Judgment—Page __8__ of __11__

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Lung'aho's restitution to the Arkansas State Police is joint and several with Emily Nowlin aka EL, Aline A. Espinosa-Villegas aka Jette Wolfe Esponsa-Villagas, and Renea Goddard.

Lung'aho's restitution to the Arkansas Insurance Department is joint and several with Emily Nowlin aka EL, Aline A. Espinosa-Villegas aka Jette Wolfe Esponsa-Villagas, and Renea Goddard.

DEFENDANT: Mujera Benjamin Lung'aho
CASE NUMBER: 4:20-cr-288-DPM-1

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Arkansas Insurance Department | | $24,356.31 | |
| 1 Commerce Way, Suite 504 | | | |
| Little Rock, AR 72202 | | | |
| Insured: #960A Arkansas State Police Commission | | | |
| File Number: 161657 | | | |
| Date of Loss: 08-27-2020 | | | |
| Carrier: National Union Fire Insurance | | | |
| Policy Number: 019946755 | | | |
| | | | |
| North Little Rock Police Department | | $2,100.00 | |
| 2525 Main Street | | | |
| North Little Rock, AR 72114 | | | |
| | | | |
| Arkansas Municipal League | | $47,938.00 | |
| 301 West 2D Street | | | |
| North Little Rock, AR 72214 | | | |
| Payment for Claim 2000792 | | | |
| | | | |
| Shannon Hills Police Department | | $1,075.76 | |
| City of Shannon Hills General Fund | | | |
| 10401 High Road East | | | |
| Shannon Hills, AR 72103 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  Mujera Benjamin Lung'aho
CASE NUMBER:  4:20-cr-288-DPM-1

Judgment — Page __10__ of __11__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ ___86,199.37___ due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:
    If Lung'aho can't pay the special assessment and restitution immediately, then during incarceration he must pay 50
    percent per month of all funds available to him. After release, he must pay 10 percent of his gross monthly
    income. Lung'aho must make payments until the assessment and restitution are paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| United States v. Emily Nowlin aka EL, 4:20-cr-288-DPM-3 | 86,099.37 | 34,356.31 | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT:  Mujera Benjamin Lung'aho
CASE NUMBER:  4:20-cr-288-DPM-1

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| United States v. Aline A. Espinosa-Villegas, 4:20-cr-288-DPM-4 | $86,099.37 | $34,356.31 | |
| United States v. Renea Goddard, 4:20-cr-288-DPM-5 | $86,099.37 | $34,356.31 | |